﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191017-38877
DATE: May 29, 2020

ORDER

Readjudication of the claim for service connection for a back condition, including degenerative disease of the thoracolumbar spine, is warranted. 

Readjudication of the claim for service connection for prostate cancer, including residuals of a prostatectomy, is denied.

Readjudication of the claim for service connection for erectile dysfunction is warranted. 

REMANDED

Entitlement to service connection for a back condition, including degenerative disease of the thoracolumbar spine, is remanded. 

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded. 

Entitlement to service connection for erectile dysfunction is remanded.

FINDINGS OF FACT

1. The April 2009 rating decision denied reopening the claim for service connection for a back condition; the Veteran did not perfect the appeal following issuance of a June 2010 Statement of the Case (SOC). 

2. New evidence has been received since the June 2010 SOC that is relevant to a matter at issue in the claim for a back condition. 

3. The November 2017 rating decision denied reopening the claim for residuals of prostate cancer, including residuals of a prostatectomy to include erectile dysfunction; the Veteran did not appeal that decision.

4. Since the November 2017 rating decision was issued, new evidence has not been received that tends to prove or disprove a matter at issue in the claim for residuals of prostate cancer, including residuals of a prostatectomy. 

5. Since the November 2017 rating decision was issued, new evidence has been received that tends to prove or disprove a matter at issue in the claim for service connection for erectile dysfunction.

CONCLUSIONS OF LAW

1. The April 2009 rating decision is final with respect to the denial of reopening of the claim for service connection for a back condition. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.160, 20.1103. 

2. The criteria for readjudication of the claim for service connection for a back condition are met. 38 C.F.R. §§ 3.156, 3.2501. 

3. The November 2017 rating decision is final with respect to the denial of reopening of the claim for residuals of prostate cancer, including residuals of a prostatectomy and erectile dysfunction. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.160, 20.1103. 

4. The criteria for readjudication of the claim for residuals of prostate cancer, including residuals of a prostatectomy have not been met. 38 C.F.R. §§ 3.156, 3.2501.

5. The criteria for readjudication of the claim for service connection for erectile dysfunction are met. 38 C.F.R. §§ 3.156, 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1967 ot August 1967. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from rating decisions dated in August 2019 of a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a timely Notice of Disagreement (VA Form 10182) in October 2019, and selected the Direct Review docket. 38 C.F.R. § 20.202(b)(1). Accordingly, this decision will be based on a review of the evidence of record at the time of the August 2019 rating decisions. See 38 C.F.R. § 20.301.

The Board notes that the Veteran submitted a VA Form 21-22a in September 2019 appointing a private attorney as his representative; however, that power of attorney is limited to a claim for service connection for major depressive disorder, which is separately docketed and was recently remanded by the Board in May 2020. At the time he submitted the VA Form 21-22a, he also revoked the power of attorney for Veterans of Foreign Wars with respect to his other claims. In March 2020 correspondence, he confirmed that the private attorney only represented him for the major depression claim, and that he otherwise wished to represent himself. A letter asking him to clarify his choice of representative was again sent in April 2020. The letter mistakenly states that there was no VA Form 21-22a of record for the private attorney. The Veteran responded in April 2020 that the private attorney represented him in all claims pending at the Board or the RO. 

To the extent the Veteran’s April 2020 response may be construed as expressing a wish to appoint the private attorney to represent him on the matters addressed in this decision, it is untimely. The Veteran had 90 days to appoint a representative from the date he was sent the Board’s October 2019 docketing letter, which informed him of his right to change his representative and the timeline for doing so. He thus had until later January 2019 to appoint a new representative. He did not appoint a new representative within that timeframe, and as noted above, as late as March 2020 wrote that the private attorney only represented him in the claim for major depressive disorder—in keeping with the September 2019 VA Form 21-22a—and that he otherwise wished to represent himself. Accordingly, as a timely change of representative was not submitted, the Board will proceed with appellate review. 

New and Relevant Evidence

On or after February 19, 2019, a claimant may file a supplemental claim as prescribed in 38 C.F.R. § 3.2501. 38 C.F.R. § 3.156(d); see 38 C.F.R. § 19.2(a). If new and relevant evidenced is presented or secured with respect to a supplemental claim, the agency of original jurisdiction will readjudicate the claim taking into consideration all of the evidence of record. 38 C.F.R. § 3.156(d). Under the “new and relevant evidence” standard, “new evidence” is defined as evidence not previously part of the actual record before agency adjudicators. 38 C.F.R. § 3.2501(a)(1). “Relevant evidence” is defined as evidence that tends to prove or disprove a matter at issue in a claim. Id. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. Id.

Readjudication of the claim for service connection for a back condition is warranted. 

An April 2009 rating decision previously denied reopening the claim for service connection for a back condition under VA’s legacy appeal system. The Veteran filed a timely Notice of Disagreement (NOD), and a Statement of the Case (SOC) was issued in June 2010. The Veteran did not perfect the appeal by filing a timely substantive appeal (i.e. a VA Form 9 or equivalent document). See 38 C.F.R. §§ 20.200, 20.202, 20.302 (2010). Accordingly, that decision is final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 3.160, 20.1103. 

Since the April 2009 rating decision was issued, a VA examination of the Veteran’s back was performed in January 2019. The examiner provided a negative nexus opinion. 

The January 2019 VA medical opinion was not previously a part of the actual record at the time of the April 2009 rating decision and June 2010 SOC. Thus, it is new evidence. Because it tends to prove or disprove a matter at issue in the case, namely whether there is a link between the Veteran’s back disability and a disease or injury incurred or aggravated in active service, it is relevant. See 38 C.F.R. § 3.2501(a)(1). Although the opinion is unfavorable, it only needs to tend to prove or disprove a matter at issue; in this case, it does the latter. 

Accordingly, as new and relevant evidence has been received, readjudication of the claim for a back condition is warranted. See 38 C.F.R. § 3.156(d). 

Readjudication of the claim for residuals of prostate cancer, including residuals of a prostatectomy, is denied. 

A November 2017 rating decision previously denied reopening the claim for service connection for “prostate cancer (now claimed as residuals of prostate cancer status post prostatectomy to include urinary incontinence and erectile dysfunction)” under VA’s legacy appeal system. The Veteran was notified of the decision and his appellate rights in a November 2017 letter. See 38 U.S.C. § 5104; 38 C.F.R. §§ 3.103, 19.25. He did not file a timely NOD. See 38 C.F.R. §§ 20.200, 20.202, 20.302 (2017). Accordingly, that decision is final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 3.160, 20.1103. 

The November 2017 rating decision denied reopening the claim for service connection for prostate cancer residuals, including residuals of a prostatectomy, because it found that new evidence was not submitted or obtained relating to an unestablished fact necessary to substantiate the claim. See 38 C.F.R. § 3.156(a). More specifically, as found in an April 2009 rating decision that also denied reopening the claim, the evidence did not show a link between the Veteran’s prostate cancer residuals and his period of active service. See Holton, 557 F.3d at 1366.

The fact that the Veteran has residuals of prostate cancer and a prostatectomy is not at issue. What is at issue is whether there is a disease or injury incurred or aggravated in active service and a link between such disease or injury and the Veteran’s current disability. See 38 C.F.R. § 3.303(a); Holton, 557 F.3d at 1366. Since the November 2017 rating decision, the Veteran has not submitted or identified new evidence that tends to prove or disprove either of these issues. Accordingly, the new evidence is not relevant. 38 C.F.R. § 3.2501(a)(1).

The Board notes that in his October 2019 NOD (VA Form 10182), the Veteran characterized his claim as being brought under 38 U.S.C. § 1151, which provides, in part, for disability compensation for a qualifying additional disability or death as if such disability or death were service-connected when shown to be proximately caused by VA fault in furnishing hospital care, medical or surgical treatment, or examination, or an event not reasonably foreseeable in furnishing such hospital care, medical or surgical treatment, or examination. He also filed a separate claim for residuals of the prostatectomy under 38 U.S.C. § 1151 in an August 2019 VA Form 21-526EZ, Fully Developed Claim form. 

To the extent the 1151 claim raises a new theory as opposed to a distinct claim (the Board need not decide here), it cannot be considered in determining whether new and relevant evidence has been presented or secured with respect to the current appeal. The Veteran selected the Direct Review docket, and thus the evidentiary record before the Board is limited to the evidence of record at the time of the August 2019 rating decision. As he did not file an 1151 claim for his prostate cancer residuals, including the prostatectomy, between the November 2017 rating decision and the August 2019 rating decision, the newly-raised issue of entitlement to compensation under section 1151 cannot be considered by the Board in this decision. 

In sum, because new and relevant evidence has not been received, readjudication of the claim for residuals of prostate cancer, including residuals of a prostatectomy, is denied. See 38 C.F.R. § 3.156(d). 

Readjudication of the claim for erectile dysfunction is warranted. 

The November 2017 rating decision denied reopening the claim for service connection for erectile dysfunction in its denial of reopening the claim for prostate cancer residuals. As explained above, that decision is final. 

Since that decision was issued, a July 2018 VA examination report has been received in which the examiner opined that the Veteran’s erectile dysfunction was at least as likely as not attributable to service-connected residuals of varicocele and hydrocele surgery with testicular atrophy. That report was not previously in the file at the time of the November 2017 rating decision, and tends to prove a matter at issue -namely whether the Veteran’s erectile dysfunction is proximately caused by service-connected disability. See 38 C.F.R. § 3.310 (providing for service connection on a secondary basis). 

Accordingly, readjudication of the claim for erectile dysfunction is warranted. See 38 C.F.R. § 3.156(d).

REASONS FOR REMAND

Entitlement to service connection for a back condition, including degenerative disease of the thoracolumbar spine, is remanded. 

As discussed above, the Board finds that readjudication by the agency of original jurisdiction (AOJ) of the Veteran’s claim for a back condition is warranted. As the AOJ has not yet readjudicated the claim, it is remanded for that purpose. See 38 C.F.R. § 3.156(d).

Entitlement to service connection for erectile dysfunction is remanded. 

As discussed above, the Board finds that readjudication by the AOJ of the Veteran’s claim for erectile dysfunction is warranted. As the AOJ has not yet readjudicated the claim, it is remanded for that purpose. See 38 C.F.R. § 3.156(d).

Entitlement to service connection for bilateral hearing loss is remanded.

An October 2017 Board decision denied reopening the claim for service connection for hearing loss. Under VA’s legacy appeal system, which was in effect at the time, that decision is final. See 38 U.S.C. § 511(a), 7103, 7104(a); 38 C.F.R. § 20.1100. In the August 2019 rating decision, the AOJ implicitly found that readjudication of the claim for bilateral hearing loss is warranted. See 38 C.F.R. § 3.156(d). That favorable finding is binding on the Board. See 38 C.F.R. § 3.104 (c). 

A VA examination and opinion have not been provided in connection with the current claim. A VA examination was last conducted in October 2013. The examiner opined that the Veteran’s hearing loss was less likely than not related to in-service noise exposure, noting that there was no significant puretone threshold shift during service. The Board finds that opinion is insufficient to render an informed decision. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (“A medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two.”)

Accordingly, the absence of a VA examination or opinion in connection with the current claim constitutes a duty-to-assist error prior to the decision on appeal, as there is at least an indication the Veteran’s hearing loss may be related to in-service noise exposure. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c). Thus, remand is warranted to correct that error. 

Entitlement to service connection for tinnitus is remanded. 

An October 2017 Board decision denied the claim for service connection for tinnitus. Under VA’s legacy appeal system, which was in effect at the time, that decision is final. See 38 U.S.C. § 511(a), 7103, 7104(a); 38 C.F.R. § 20.1100. In the August 2019 rating decision, the AOJ implicitly found that readjudication of the claim for tinnitus loss is warranted. See 38 C.F.R. § 3.156(d). That favorable finding is binding on the Board. See 38 C.F.R. § 3.104 (c). 

A VA examination and opinion have not been provided in connection with this claim. A VA examination was last conducted in October 2013. The examiner opined that the Veteran’s tinnitus was less likely than not related to in-service noise exposure because he “was only exposed to noises on the rifle range” and had hearing protection. The examiner further noted that there was no significant decrease in hearing during that period, and that the Veteran did not complain about any hearing or tinnitus problems during service. Finally, the examiner stated that the Veteran developed a significant hearing problem after service and thus it seemed the Veteran’s tinnitus was related to post-service noise exposure. 

The Board finds this opinion is insufficient to render an informed decision, as it does not address the issue of whether the Veteran’s tinnitus may have developed some time after service as a result of in-service noise exposure. Moreover, a mere recitation of data does not equate to a reasoned explanation. See Nieves-Rodriguez, 22 Vet. App. at 301. The examiner’s opinion also impermissibly relies on an absence of in-service complaints of tinnitus, without explaining why the Veteran would be expected to report tinnitus at the time. 

Accordingly, the absence of a VA examination or opinion in connection with the current claim—when the record is insufficient to render an informed decision—constitutes a duty-to-assist error prior to the decision on appeal. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c). Thus, remand is warranted to correct that error. 

The matters are REMANDED for the following action:

1. Readjudicate on the merits the claims for service connection for a back condition, including degenerative arthritis of the thoracolumbar spine, and the claim for erectile dysfunction. 

2. Arrange for a VA examination (or telehealth interview, review of the record, etc., if it is not feasible to perform an examination within a reasonable time frame) on the service connection claims for hearing loss and tinnitus. 

The examiner should render an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran’s hearing loss is related to in-service noise exposure.

The examiner should also render an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran’s tinnitus is related to in-service noise exposure or secondary to his hearing loss. 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Rutkin, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.